IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| OMAHR GREGORY, # 217077, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | Civil Action No. 2:08cv267-MHT |
| | ) | |
| J.C. GILES, WARDEN, *et al.*, | ) | [WO] |
| | ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Omahr Gregory, an Alabama inmate currently incarcerated at Ventress Correctional Facility, styles this action as a petition brought pursuant to 28 U.S.C. § 2241. Gregory challenges the conviction and sentence for owning or operating a theft facility (*see* Ala. Code 1975 § 32-8-88) entered against him in 2005 by the Circuit Court of Jefferson County, Alabama.

## I.   DISCUSSION

In his petition (Doc. No. 1), Gregory contends that he is being held in custody in violation of his rights under the Fifth, Sixth, and Fourteenth Amendments to the Constitution because his indictment failed to charge an offense or was otherwise fatally flawed. Because Gregory attacks his state conviction and sentence *and* he is in custody pursuant to the judgment of the Alabama court, 28 U.S.C. § 2254 applies to his petition despite his designating it as one filed pursuant to 28 U.S.C. § 2241. *Medberry v. Crosby*, 351 F.3d

1049, 1054 (11th Cir. 2003); *Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004). Accordingly, this court concludes that Gregory's petition is subject to treatment under the requirements of 28 U.S.C. § 2254.[1]

The court, "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted and sentenced" the petitioner. *See* 28 U.S.C. § 2241(d). Gregory challenges a conviction and sentence entered against him by the Circuit Court for Jefferson County, Alabama. Jefferson County is located within the jurisdiction of the United States District Court for the Northern District of Alabama. In light of the foregoing, the court concludes that the transfer of this case to such other court for hearing

---

[1]   It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See Edmund v. United States*, 520 U.S. 651, 657 (1997). Under 28 U.S.C. § 2241, a federal court is authorized to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Section 2254 is more specific and confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). While both § 2241 and § 2254 authorize a petitioner to challenge the legality of his state custody, "allowing [a petitioner] to file his 'petition in federal court pursuant to Section 2241 without reliance on Section 2254 would ... thwart Congressional intent.'" *Thomas v. Crosby*, 371 F.3d 782, 786 (11th Cir. 2004) (quoting *Coady v. Vaughn*, 251 F.3d 480, 484-85 (3rd Cir. 2001). Thus, a petition filed pursuant to 28 U.S.C. § 2241 is governed by both § 2241 and § 2254. *Thomas*, 371 F.3d at 785; *Medberry v. Crosby,* 351 F.3d 1049, 1063 (11th Cir. 2003). "If § 2254 were not a restriction on § 2241's authority to grant the writ of habeas corpus, and were instead a freestanding, alternative post-conviction remedy, then § 2254 would serve no function at all." *Medberry*, 351 F.3d at 1060.

and determination is appropriate.[2]

## II.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **April 23, 2008**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the

---

[2]   A decision on Gregory's application for *in forma pauperis* status (Doc. No. 2) is reserved for ruling by the United States District Court for the Northern District of Alabama.

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 10th day of April, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE